**CHRIS BERG, INC.**

v.

**The UNITED STATES.**

No. 15–65.

United States Court of Claims.

Dec. 13, 1968.

Stuart G. Oles, Seattle, Wash., attorney of record, for plaintiff. Allen, DeGarmo & Leedy, Seattle, Wash., of counsel.

Ray Goddard, Washington, D. C., with whom was Asst. Atty. Gen. Edwin L. Weisl, Jr., for defendant.

Before COWEN, Chief Judge, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## OPINION

PER CURIAM:

This case was referred to Trial Commissioner W. Ney Evans with directions to make findings of fact and recommendations for conclusions of law under the order of reference and Rule 57(a). The commissioner has done so in an opinion and report filed on December 19, 1967. Exceptions to the commissioner's findings of fact were filed by plaintiff and exceptions to the commissioner's findings of fact and recommendation for conclusion of law were filed by defendant. The case has been submitted to the court on oral argument of counsel and the briefs of the parties. Since the court agrees with the commissioner's opinion, findings and recommended conclusion of law, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case. Therefore, plaintiff is entitled to recover and judgment is entered for plaintiff with the amount of recovery to be determined pursuant to Rule 47(c).

## OPINION OF COMMISSIONER

EVANS, Commissioner:

Plaintiff undertook a contract with the Navy (acting for the Coast Guard) to build a loran (long-range aid to navigation) station on Marcus Island, a remote

atoll in the far Pacific. The contract documents represented that Marcus Island was " * * * well outside the normal typhoon zone." One damaging typhoon struck the island 3 weeks before the contract was signed, and four other typhoons occurred within the ensuing 12 months of construction. Plaintiff applied to the contracting officer for relief from its extra costs and appealed his denial of the claim to the Armed Services Board of Contract Appeals, which dismissed the appeal for lack of jurisdiction over a claim founded on alleged misrepresentation. Plaintiff thereupon filed suit in this court.

On the basis of the findings of ultimate fact (Findings 8 and 9) it is my opinion that plaintiff is entitled to recover.

### FINDINGS OF ULTIMATE FACT

8. Plaintiff's reliance upon defendant's representations concerning weather conditions at Marcus Island was warranted,[1] and the interpretations drawn therefrom and the assumptions made by plaintiff in reliance thereon were reasonable.[2]

9. Defendant's representation that "Marcus Island is considered to be well outside the normal typhoon zone" was misleading, as the representatives of both the Coast Guard and the Navy reasonably should have known, considering the art of meteorological science and generally known to exist in 1962.[3]

### CONCLUSION OF LAW

On the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiff is entitled to

---

1. All information available was accessible to defendant and only to defendant.

2. Defendant's position in this case concerning *average* conditions and wind velocity of 65 knots or greater is overly technical.

3. The testimony of plaintiff's expert witness warrants the conclusion that no trained meteorologist would have endorsed so sweeping a statement as late as 1962.

---

recover and judgment is entered to that effect. Determination of the amount of recovery will be made in further proceedings pursuant to Rule 47(c).

The representatives of the Coast Guard and the Navy would have been well advised to seek professional advice before drafting either the site survey or the contract documents. Their failure to do so is dramatized by the fact that only the coincidence of Typhoon Emma in October 1962 may have saved the entire installation from destruction by a typhoon at a later date.